UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD BECKER and CLAIRE BECKER,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ALCATEL-LUCENT USA, INC.,<br>　　　as successor to Western Electric Co., Inc.<br>CBS CORPORATION,<br>　　　Successor in interest to Westinghouse<br>　　　Electric Corp.<br>GENERAL ELECTRIC COMPANY<br>PHILIP MORRIS USA<br>RJ REYNOLDS TOBACCO COMPANY<br>　　　Defendant.<br>UNION CARBIDE CORPORATION | Case No._____<br><br><br><br><br><br><br><br><br><br><br>(Massachusetts Superior Court, Civil<br>Action No. 15-5532) |

## **DEFENDANT GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL**

Please take notice that Defendant, General Electric Company ("GE"), by and through the undersigned counsel, hereby removes this civil action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441(a) and 1446. This Court has jurisdiction pursuant to § U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. In support of this Notice of Removal, GE hereby represents as follows:

### I. Introduction and Background

1.　On August 28, 2015, Plaintiffs Gerald Becker and Claire Becker (hereinafter, collectively, Plaintiffs) filed this action, Civil Action No. 15-5532, in the Middlesex Superior

Court, Middlesex County, Massachusetts. A copy of the Complaint is included at Exhibit A, attached hereto pursuant to Rule 81(a) of the Local Rules of Civil Procedure for the United States District Court for the District of Massachusetts and 28 U.S.C. § 1446(a).

2. GE was not served with a copy of Plaintiffs' Complaint until September 3, 2015. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B). (See Summons and Complaint) (Exh. A).

3. In their Complaint, Plaintiffs allege that Gerald Becker was diagnosed with lung cancer in 2012. They further allege that Mr. Becker's lung cancer was caused both by his smoking of tobacco products allegedly manufactured and/or sold by Defendants Philip Morris USA ("Philip Morris") and RJ Reynolds Tobacco Co. ("RJ Reynolds"), and by his exposure to asbestos-containing products allegedly manufactured and/or sold by GE, CBS (as successor to Westinghouse Electric Corp.) ("CBS"); Alcatel-Lucent, Inc. (as successor to Western Electric Co., Inc.) ("Alcatel-Lucent"); and Union Carbide Corp. (Pls.' Compl. § 12, Aug. 28, 2015) (Exh. A).

4. As to RJ Reynolds and Philip Morris, USA, Plaintiffs' Complaint seeks damages on theories of breach of the implied warranty of merchantability (Count I); fraudulent misrepresentation and concealment (Count II); and negligence (Count III). As to GE, CBS, Alcatel-Lucent, and Union Carbide, Plaintiffs' Complaint seeks damages on theories of negligence (Count IV); and breach of the implied warranty of merchantability (Count V). Plaintiff Claire Becker seeks damages from all defendants on a theory of loss of consortium (Count VI). (Pls.' Compl.) (Exh. A).

5. Plaintiff Gerald Becker's claimed damages include "serious personal injuries, great pain of body and mind, and severe mental anguish." (Pls.' Compl. § 17) (Exh. A). Plaintiff Claire Becker's claimed damages include "a loss of her right to consortium with her husband and the loss of her husband's services, guidance, affection, comfort, protection, society, counsel, advice, and companionship; and mental anguish." (Pls.' Compl. § 48) (Exh A).

**II. Complete diversity exists between all plaintiffs and all defendants.**

6. In order for the Court to exercise diversity jurisdiction, the case must be "between … citizens of different States." 28 U.S.C. § 1332(a). This section requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

7. Plaintiffs have alleged that they are both residents of the State of Florida. (Pls.' Compl. § 1) (Exh. A).

8. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. No defendant is currently a citizen of Florida or of Massachusetts, nor was any defendant a citizen of either state at the time of the filing of the action in state court:

    a. As stated in its 2014 Form 10-K, a public document filed with the Securities and Exchange Commission, Philip Morris is a Virginia corporation with a principal place of business in New York, New York.

b. As stated in its 2014 Form 10-k, R.J. Reynolds is a North Carolina corporation with a principal place of business in Winston-Salem, North Carolina.

c. Upon information and belief, Defendant Alcatel-Lucent is a is a foreign corporation domiciled in the Republic of France with a principal place of business in Murray Hill, New Jersey.

d. As stated in its 2014 Form 10-K, CBS is a Delaware corporation with a principal place of business in New York, New York.

e. As reflected on its 2014 Form 10-K, GE is a New York corporation with a principal place of business in Fairfield, Connecticut.

f. As stated in its 2014 Form 10-K, Union Carbide Corp. is a New York corporation with a principal place of business in Texas.

10. Accordingly, complete diversity exists because the citizenship of every plaintiff is different from that of every defendant.

**III. This action satisfies the amount in controversy requirement.**

11. In order for the Court to exercise diversity jurisdiction, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

12. "A removing defendant…must demonstrate that there is a 'reasonable probability' that the amount in controversy exceeds $75,000." Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 233, 238 (D. Mass. 2010). Plaintiffs allege that Mr. Becker developed lung cancer as a

result of his exposure to products they claims were made or sold by defendants. They further contend that Mr. Becker "has suffered and will suffer from serious personal injuries, great pain of the body and mind, and severe mental anguish and distress," and that Mrs. Becker has "been deprived of his services, protection, care, assistance, society, companionship, comfort, affection, guidance, counsel and advice." (Pls.' Compl. at ¶ 17). Plaintiffs purport to seek "millions" of dollars in damages. (Civil Action Cover Sheet) (Exh. A).

13.  Thus, GE has shown by a "reasonable probability" that the amount in controversy likely exceeds $75,000.00. See Youtsey v. Avibank Mfg. Inc., 734 F. Supp. 2d 230, 233, 238 (D. Mass. 2010).

**IV. All requirements for removal are satisfied.**

14.  A notice of removal must be filed within 30 days of "receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Removal is timely because GE received a copy of the initial pleading – here, the Summons and Plaintiff's Complaint – on September 3, 2015, and has removed the action within thirty (30) days of receipt of this initial pleading. (Exh. A).

15.  As set forth above, complete diversity exists between both Plaintiffs and all Defendants, and the amount in controversy requirement is satisfied. Consequently, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

16.  The District of Massachusetts is the United States District Court embracing the place where Plaintiff's state court action is pending. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a).

17. Pursuant to 28 U.S.C. § 1446(a), copies of all "process, pleadings, and orders served upon [GE]" are attached hereto at Exhibit A.

18. Pursuant to Rule 81.1 of the Local Rules of Civil Procedure for the United States District Court for the District of Massachusetts, within 28 days after filing this Notice, GE shall file "certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court." In the meantime, uncertified copies of "all records and proceedings in the state court" are included at Exhibit A for this Court's convenience.

19. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants have affirmatively consented to this Removal and copies of correspondence confirming such consent are attached hereto as Exhibit B.[1]

20. Pursuant to 28 U.S.C. § 1446(d), GE has today filed a copy of this Notice of Removal with the Massachusetts Superior Court (Middlesex County) notifying that court of this removal. A copy of the state court notice is attached hereto as Exhibit C.

21. Pursuant to 28 U.S.C. § 1446(d), GE has today served a copy of this Notice of Removal on Plaintiffs Claire and Gerald Becker, the only adverse parties.

---

[1] Upon information and belief, although named in the Complaint, Defendant Actel-Lucent as successor to Western Electric, has not yet been served.

Dated: October 1, 2015

        THE DEFENDANT
        GENERAL ELECTRIC COMPANY
        By its Attorneys,

        /s/ Catherine A. Mohan
        Catherine A. Mohan
        BBO #: 680585
        McCarter & English LLP
        265 Franklin Street
        Boston, MA 02110
        Phone: 617-449-6500

## CERTIFICATE OF SERVICE

    I hereby certify that on October 1, 2015, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

Plaintiff's counsel:

Michael C. Shepard
The Shepard Law Firm, P.C.
10 High Street
Boston, MA 02110

        /s/ Catherine A. Mohan
        Catherine A. Mohan